# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MEGAN OLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 11-0373-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application for benefits were denied initially. Thereafter, plaintiff requested an administrative hearing. On March 22, 2010, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On February 23, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record

supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ erred when she arbitrarily determined plaintiff's residual functional capacity and failed to conduct the analysis mandated by SSR 96-8p. In her written opinion, the ALJ states that she utilized the criteria in the Psychiatric Review Technique Form and found that claimant would have no more than a "moderate" degree of limitation with respect to maintaining concentration, persistence or pace, not preventing her from simple, repetitive and routine job duties. (Tr. p. 20). However, the State Agency Psychologist, Dr. Margaret Sullivan, who completed the Psychiatric Review Technique Form, checked the Functional Limitation box indicating that plaintiff would have "Marked" difficulties in maintaining concentration, persistence or pace. (Tr. p. 383). This finding however is inconsistent with the Mental Residual Functional Capacity Assessment form which Dr. Sullivan also completed on the same day. On this form, Dr. Sullivan found that plaintiff would only be moderately limited in the ability to understand, remember and carry out detailed instructions and moderately limited in the ability to maintain attention and concentration for extended periods. (Tr. p. 387). Thus, the findings of Dr. Sullivan are inconsistent with each other and the ALJ's opinion also directly contradicts one of Dr. Sullivan's finding. Despite this conflicting information, the ALJ does not explain the conflicts or even acknowledge that there is a conflict. Nor does she discuss what medical reports or evidence she based her residual functional capacity

on. The ALJ states only that she "has considered the findings, opinion and overall assessment of the State agency program psychologist (Exhibit 7F) and has accorded them weight in reaching the conclusion that claimant is not disabled, because they are generally consistent with and supported by the findings, opinions, and conclusions of treating and medical sources contained in the record." (Tr. p. 21). As the Court stated in Arn v. Astrue, No. 4:10-CV-1239-NKL, 2011 WL 3876418 (W.D.Mo. Sept. 1, 2011), "[i]f the RFC conflicts with a medical opinion, the ALJ must explain why the opinion was not adopted. SSR 96-8P, 1996 WL 374184 (S.S.A.)." In this case, it is unclear whose opinion or what medical evidence the ALJ based her residual functional capacity determination on. The Court finds that these errors require reversal and remand. Upon remand, the ALJ shall apply the correct legal standards when assessing opinions of medical sources and shall also correctly formulate and explain how the plaintiff's residual functional capacity determination was derived.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 7) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).


Date: September 18, 2012          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri             Fernando J. Gaitan, Jr.
                                          Chief United States District Judge